| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:18-CR-188(2) |
| | § | |
| ALEJANDRO FLORES | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Alejandro Flores's ("Flores") Motion for Transcripts (#206), wherein he asks the court for a free copy of his change of plea hearing and sentencing hearing transcripts. Having considered the motion, the record, and the applicable law, the court is of the opinion that Flores's motion should be denied.

"To obtain a transcript at government expense, the movant must satisfy 28 U.S.C. § 753(f)." *United States v. Davis*, 369 F. App'x 546, 546 (5th Cir. 2010) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)); *accord Haskett v. Unknown Clients*, 789 F. App'x 489, 489 (5th Cir. 2020); *Ferguson v. Morgan*, 737 F. App'x 222, 222 (5th Cir. 2018). "Section 753(f) 'provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue.'" *Davis*, 369 F. App'x at 546-47 (quoting *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976)); *accord Hudgens v. United States*, No. 3:18-CR-0573-B-BH, 2020 WL 6683127, at *2 (N.D. Tex. Nov. 12, 2020). This requires the movant to make the court aware of "any facts that might require a close examination of the trial transcript." *Davis*, 369 F. App'x at 547 (quoting *Harvey*, 754 F.2d at 571); *accord United States v. Chi*, 757 F. App'x 407, 408 (5th Cir. 2019); *Baker v. United States*, No. 3:11-CR-8, 2016 WL 6094169, at *1 (S.D. Tex. Oct. 17, 2016).

Thus, a petitioner is not entitled to a free copy of his trial records "solely because he is indigent or because he desires to prepare a petition seeking collateral relief." *Jeffers v. United States*, No. 1:15CR55-LG-RHW-6, 2017 WL 4540964, at *2 (S.D. Miss. Oct. 11, 2017) (quoting *United States v. Watson*, 61 F. App'x 919, 919 (5th Cir. 2003) (citing *United States v. MacCollom*, 426 U.S. 317, 324-25 (1976); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973))); *accord United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir.), *cert. denied*, 414 U.S. 861 (1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."); *Read v. Naylor*, No. 4:18-CV-00168-O, 2019 WL 9851469, at *2 (N.D. Tex. Jan. 16, 2019) ("[A]n indigent defendant has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding."). Instead, the petitioner "is required to demonstrate that the transcript is necessary for the proper disposition of his claims." *Watson*, 61 F. App'x at 919 (citing *Harvey*, 754 F.2d at 571); *see* 28 U.S.C. § 753(f); *see also Haskett*, 789 F. App'x at 490; *Davis*, 369 F. App'x at 546; *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Here, Flores's motion fails to identify any non-frivolous issues that he could raise in a § 2255 action which would necessitate transcript review. Rather, Flores simply indicates a general desire for transcripts in order to commence a habeas corpus proceeding based on ineffective assistance of counsel and an "actual innocence claim." Flores, however, fails to articulate any particularized need for such records. The United States Court of Appeals for the Fifth Circuit has "specifically rejected the idea that [the government] must provide a complete transcript for purposes of a mere 'fishing expedition.'" *Kunkle v. Dretke*, 352 F.3d 980, 986 (5th Cir. 2003)

(quoting *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982)); *see Davis*, 369 F. App'x at 547; *Watson*, 61 F. App'x at 919.  Under the circumstances, because Flores's "conclusional allegations are insufficient to establish that his proposed § 2255 claims are not frivolous and that the transcripts are necessary to decide the issues," the court declines to so certify.  *See Davis*, 369 F. App'x at 547.

Moreover, Flores has not yet filed a § 2255 motion.  *See United States v. Agbomire*, 239 F. App'x 929, 929-30 (5th Cir. 2007) (upholding the district court's denial of a request for copies of court records where the defendant did not have a § 2255 petition pending); *United States v. Guzman*, No. 96-50226, 1996 WL 661631, at *1 (5th Cir. Oct. 24, 1996) ("A federal prisoner who has not attempted to file a petition collaterally attacking his conviction is not entitled to obtain copies of court records at government expense to search for possible error."); *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970) ("[The Fifth Circuit] has consistently held that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. § 2250 to search the record for possible error."); *see also United States v. Galarza-Morales*, No. 4:10-CR-095-Y(1), 2016 WL 7496179, at *1 (N.D. Tex. Nov. 2, 2016).  A stated intention to file a § 2255 petition is insufficient to receive documents at the Government's expense.  *See United States v. McCuller*, No. C-06-546(4), 2007 WL 4376110, at *1 (S.D. Tex. Dec. 13, 2007) ("Although [the defendant] apparently seeks the transcripts in order to file a § 2255 motion, no such motion has yet been filed.  Accordingly, he fails to meet the statutory requirements for free transcripts or documents."); *accord Galarza-Morales*, 2016 WL 7496179, at *1.

In view of the foregoing, Flores's Motion for Transcripts (#206) is DENIED.

SIGNED at Beaumont, Texas, this 20th day of September, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE